BRENT PLATER
CA Bar No. 209555
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA  94103
Telephone:  (415) 436-9682
Fax:  (415) 436-9683
Email:  bplater@biologicaldiversity.org

Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney
JAMES A. CODA
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone:  (415) 436-6967
Facsimile:  (415) 436-6748
E-Mail:  james.coda@usdoj.gov

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN WILLIAMS, Chief
LISA L. RUSSELL,  Assistant Chief
REBECCA J. RILEY, Trial Attorney
IL Bar No. 6284356
U.S. Department of Justice
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone:  (202) 305-0202
Facsimile:  (202) 305-0275
Email:  rebecca.riley@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) | 06-CV-0928 SC |
| ) | |
| Plaintiff, ) | **STIPULATED SETTLEMENT** |
| ) | **AGREEMENT AND** |
| vs. ) | **[PROPOSED] ORDER** |
| ) | |
| DIRK KEMPTHORNE,  et al.,[1]/ ) | |
| ) | |
| Defendants. ) | |

---

[1]/     Pursuant to Federal Rule of Civil Procedure 25(d), Dirk Kempthorne, Secretary of the Department of the Interior is substituted for P. Lynn Scarlett, the previous Acting Secretary.

Stipulated Settlement Agreement and [Proposed] Order
06-0928 SC

1    Plaintiff, Center for Biological Diversity ("Center") and Defendants, P. Lynn Scarlett, Acting
2 Secretary of the Interior ("Secretary"), and the U.S. Fish and Wildlife Service by and through their
3 undersigned counsel, state as follows:

4    WHEREAS, on April 8, 2004, the Fish and Wildlife Service ("Service") received a petition
5 to list the Tricolored Blackbird as an endangered species, to designate critical habitat for the species,
6 and to provide listing on an emergency basis pursuant to the Endangered Species Act, 16 U.S.C. §
7 1531 *et seq.* ("ESA");

8    WHEREAS, on February 13, 2006, the Center filed a complaint for declaratory and
9 injunctive relief, challenging the Secretary's failure to issue a ninety-day finding in response to the
10 petition as required by 16 U.S.C. § 1533(b)(3)(A);

11    WHEREAS, the parties, through their authorized representatives, and without any admission
12 or final adjudication of the issues of fact or law with respect to the Center's claims, have reached
13 a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes
14 set forth in Center's complaint;

15    WHEREAS, the parties agree that settlement of this action in this manner is in the public
16 interest and is an appropriate way to resolve the dispute between them;

17    NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS
18 FOLLOWS:

19    1. On or before December 6, 2006, the Service shall submit to the *Federal Register* a finding
20 as to whether the April 2004 petition presents substantial information indicating that listing the
21 Tricolored Blackbird may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). If the Service finds
22 that the petition has presented substantial scientific or commercial information indicating that the
23 petitioned action may be warranted, the Service shall submit a twelve-month finding pursuant to 16
24 U.S.C. § 1533(b)(3)(B) to the *Federal Register* by October 18, 2007.

25    2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for
26 good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the
27 event that either party believes that the other party has failed to comply with any term or condition

28

Stipulated Settlement Agreement and [Proposed] Order
06-0928 SC                                              - 2 -

1  of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

2       3.  The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court.  If the parties are unable to resolve the claim within thirty days after the notice, either party may bring the claim to the Court.

     4.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a ninety-day or twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

     5.  Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $ 6000.  A check will be made payable in that amount to Plaintiff's undersigned counsel, Brent Plater, Center for Biological Diversity, 1095 Market St., Suite 511, San Francisco, CA 94103.

     6.  Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

     7.  Plaintiff agrees to accept payment of $ 6000 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation,

1 through and including the date of this agreement.

2     8. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

    9. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

    10. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

    11. Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

    12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defense to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

Stipulated Settlement Agreement and [Proposed] Order
06-0928 SC      - 4 -

13. The parties agree that this Settlement Agreement ("Agreement") was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

17. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: June 8, 2006

Respectfully submitted,

 /s/ Brent Plater (by RJR)
BRENT PLATER
Center for Biological Diversity

KEVIN V. RYAN
United States Attorney
JAMES A. CODA
Assistant United States Attorney

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

 /s/ Rebecca J. Riley
REBECCA J. RILEY, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice

### ~~PROPOSED~~ ORDER

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this   12   day of    June    2006.

IT IS SO ORDERED

Judge Samuel Conti

Stipulated Settlement Agreement and [Proposed] Order
06-0928 SC                           - 6 -

KEVIN V. RYAN
United States Attorney
JAMES A. CODA
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone:  (415) 436-6967
Facsimile:  (415) 436-6748
E-Mail:  james.coda@usdoj.gov

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division
JEAN WILLIAMS, Chief
LISA L. RUSSELL,  Assistant Chief
REBECCA J. RILEY, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0202
Facsimile: (202) 305-0275

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DIRK KEMPTHORNE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 06-CV-0928 SC <br><br> CERTIFICATE OF SERVICE |

I certify that on this 8th day of June, 2006, a copy of the Stipulated Settlement Agreement and [Proposed] Order was sent automatically by the CM/ECF system to the following attorneys of record:

Brent Plater
bplater@biologicaldiversity.org

Justin Augustine
jaugustine@biologicaldiversity.org

                                                   /s/     Rebecca J. Riley
                                                   REBECCA J. RILEY